MARGARET A. MCNEIL *vs.* FIRST NATIONAL STORES, INC.

Suffolk. December 4, 1958. — April 15, 1959.

Present: WILKINS, C.J., RONAN, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Negligence*, Store. *Evidence*, Matter of conjecture.

In an action against the proprietor of a store by a customer for injuries sustained in a fall in the store claimed to have been due to string on the floor, the evidence left the cause of the fall and the defendant's responsibility for it conjectural and the plaintiff could not recover.

TORT. Writ in the Superior Court dated April 18, 1955.

The action was tried before *Goldberg*, J.

*George E. Donovan*, for the defendant.

*Timothy J. McInerney*, for the plaintiff.

COUNIHAN, J. In this action of tort the plaintiff seeks to recover damages for personal injuries sustained when she fell in the defendant's store at 184 Harvard Avenue,

Brighton. The jury returned a verdict for the plaintiff. The action comes here upon the defendant's exceptions to the denial of its motion for a directed verdict and to the admission of evidence. There was error.

The evidence in its aspects most favorable to the plaintiff may be summarized as follows: The plaintiff at or about 6 P.M. on Friday, January 7, 1955, went to the defendant's store to buy some food. The entrance to the store consisted of two swinging doors which were on a platform above the sidewalk in a recessed area. The plaintiff met a Mrs. MacDonald, a friend, in the store and "talked with her for some time." The plaintiff then finished her shopping and paid for her purchases at a check out stand. She started to leave by the doors through which she had entered, carrying a large shopping bag in her right hand and a pocketbook in the other. She pushed one of the doors open with her right elbow and started to go through the door. As she did this she "felt as though . . . [her] feet were tangled with a string." She fell through the door "right out" onto the platform. She did not see any string on the floor either before or after she fell. She went back into the store and reported her fall to the manager.

Mrs. MacDonald testified by way of a deposition. As she went through one of the check out stands, she saw the plaintiff fall and disappear outside of the door. She then saw "maybe variety stuff; papers, wet vegetable tops, you know — what a store looks like at that hour of the evening." Over the objection and exception of the defendant this answer was allowed to stand. Later when pressed to be more specific she said, "Well, I wouldn't. If I was on my oath, I wouldn't be sure of just what I told you; brown paper, string, vegetable tops." Over the objection and exception of the defendant this answer was allowed to stand. She later testified that it was " 'just string' . . . it was 'dirty,' 'muddy color,' 'maybe three, four feet (in length) something like that.' " She further testified that this string and other foreign substances were on the floor near the door for fifteen or twenty minutes before she met the plaintiff.

There was evidence that the store was very busy at the time of the accident and many customers were in the area of the check out stands.

The manager of the store testified that the plaintiff reported her fall to him. He examined the floor inside and outside of the door and saw nothing on the floor except dirt. The only string on the premises was used for tying up cartons and was kept in the back of the store. He stated that the floor of the store had not been brushed up after 4:30 that afternoon and that there were seven employees on the grocery floor, any one of whom is supposed to keep the floor clean.

The cause of the plaintiff's fall and the defendant's responsibility for it are purely conjectural. There is no evidence that any string was seen at the place of the fall or that the string which Mrs. MacDonald saw "near the door" had anything to do with the fall. If the plaintiff's fall was caused by string, there is no evidence as to how long such string had been on the floor or that the defendant was in any way responsible for it.

We need not pause to decide whether in the absence of evidence of any string observed about or near the plaintiff's feet after the fall, there is sufficient evidence that string caused the fall.

We do not consider the defendant's exceptions to the admission of evidence in view of the conclusion we have reached on the merits.

*Exceptions sustained.*
*Judgment for the defendant.*