CARMILLO C. CESARONE vs. JENNIE M. FEMINO & others.[1]

Essex.    January 7, 1960. — April 4, 1960.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, &
CUTTER, JJ.

*Superior Court*, Jurisdiction.    *Real Property*, Registered land.    *Equity
Jurisdiction*, Ownership of land.

It was within the general equity jurisdiction of the Superior Court to
entertain a suit to have adjudged void a deed of a parcel of registered
land purportedly given by the plaintiff and another to one of the de-
fendants and a mortgage of the parcel given by that defendant to
another defendant, and to establish the plaintiff's interest in the parcel.

BILL IN EQUITY, filed in the Superior Court on April 7,
1954, seeking to have adjudged void a deed of a parcel of
registered land purportedly given by the plaintiff and the
defendant Femino, then his wife, to the defendant Ingemi
and a mortgage of the parcel given by Ingemi to the de-
fendant Giacoppo, and to establish the plaintiff's interest
in the parcel.

The suit was heard by *Morton, J.*, on a master's report.

*Edward H. J. Wilson*, for the defendant Femino.

*John J. Jennings*, (*Daniel J. Horgan, Jr., & Joseph W.
Jennings* with him,) for the plaintiff.

COUNIHAN, J.    This is a suit in equity involving the
ownership of a parcel of registered land (G. L. c. 185) with
the buildings thereon on Highland Avenue and Barnes Road,
Salem.    The suit was referred to a master whose report was
confirmed by an interlocutory decree.    Thereafter a final
decree was entered granting the plaintiff relief substantially
as prayed for in the bill, with costs to the plaintiff.

The suit comes here upon the appeals of Jennie M.
Femino from the interlocutory and final decrees.    There
was no error.

---

[1] Stephen C. Ingemi and Giuseppe Giacoppo.

The master found that the plaintiff and Jennie M. Femino, formerly husband and wife, were married on April 25, 1943, and thereafter their separate earnings were put into a common fund to which the plaintiff contributed the larger share. On February 26, 1947, they purchased these premises with money from this common fund, taking title as tenants by the entirety as shown by a certificate of title numbered 17303 in the files of the Land Court for the Essex South Registry District.

Sometime in 1952 Jennie and Carmillo were divorced by a decree absolute of the Essex Probate Court. Shortly before their final separation a deed of the premises dated November 3, 1950, purportedly executed by Carmillo and Jennie was delivered to Stephen C. Ingemi, Jennie's brother, and was recorded in the office of the Land Court for the Essex South Registry District as document numbered 60946. The master found that the signature of Carmillo on that deed was not his signature and that no consideration was paid by Ingemi for the deed.

On September 5, 1951, a few days before the divorce hearing, Ingemi executed a note secured by a mortgage of these premises to Giuseppe Giacoppo, an uncle of Ingemi's wife, for $8,000 and Giacoppo paid no consideration for either the note or the mortgage.

The master also found that Jennie held the sum of $1,320 from rents collected from these premises.

The defendant Jennie states in her brief that the only issue to be decided is whether the Superior Court sitting in equity has jurisdiction over the parties and the property because it involved a parcel of registered land. G. L. c. 185. While it is true that the Land Court would have jurisdiction over this suit as provided by G. L. c. 185, § 1 (k), it is also true that by the provisions of c. 214, § 1, the Supreme Judicial Court and the Superior Court have original and concurrent jurisdiction of all cases and matters of equity under the general principles of equity jurisprudence and, with reference thereto, shall be courts of general equity jurisdiction, with an exception not here material. Thus it appears that

either the Land Court or the Superior Court could take juris-
diction. *St. George's Church* v. *Primitive Methodist Church*,
315 Mass. 202, 206. *Cowden* v. *Cutting*, 339 Mass. 164.

> *Interlocutory decree affirmed.*
> *Final decree affirmed with costs of*
> *appeal to the plaintiff.*