MAE C. DOUGLAS & another *vs.* JOHN J. HARTY & another.   December 1, 1961.   Interlocutory decree confirming master's report affirmed.   Final decree affirmed with costs of appeal.   The plaintiffs seek to enjoin the defendants' continued use of a fence built in 1955 upon land claimed by one plaintiff and by the defendants.   They also ask to have the ownership of the disputed land "established" for two periods of time, viz. from August 22, 1955, to March 1, 1956, and from that date to the date of filing the bill in equity.   A master found that the land "is owned by" one of the plaintiffs, John Tyler Douglas, who acquired title from Mae C. Douglas in 1956.   A final decree, among other things, declared the state of the title, ordered the removal of the fence, and awarded damages.   The defendants appealed.   The Superior Court, in considering equitable relief, may determine title to land.   See *O'Brien* v. *Murphy,* 189 Mass. 353, 357; *Shoer* v. *Daffe,* 337 Mass. 420; *Cesarone* v. *Femino,* 340 Mass. 638, 639–640.   See also *Geragosian* v. *Union Realty Co.* 289 Mass. 104, 109.   The master's conclusions were consistent with his subsidiary findings that the boundary was ambiguously described, that there were physical indicia of a boundary on the land, and that predecessors in title of the parties acquiesced in these indications of the boundary.   See *Methodist Episcopal Soc. in Charlton City* v. *Akers,* 167 Mass. 560, 563; *Morrison* v. *Holder,* 214 Mass. 366, 368–370; *Fulgenitti* v. *Cariddi,* 292 Mass. 321, 324–325, 327; Swaim, Crocker's Notes on Common Forms (7th ed.) § 215; Tiffany, Real Property (3d ed.) §§ 653–654; Am. Law of Property, §§ 12.91, 12.111.
   *John E. Fenton, Jr., (Bruce K. Carpenter* with him,) for the defendants.
   *Donald H. Sullivan, (Charles W. Trombly* with him,) for the plaintiffs.


   JOSEPH HUNT & another *vs.* ATTLEBORO ICE COMPANY & another. December 7, 1961.   Exceptions overruled.   This is an action of tort for negligence by Janie C. Hunt (the plaintiff) and her husband.   The plaintiff fell on the sidewalk of South Main Street, a public way in Attleboro, where an oil hose had been laid across the sidewalk by the defendant Carlson for the delivery of oil from the truck of his employer, the defendant Attleboro Ice Company, to a nearby customer.   The plaintiff testified by deposition that she was walking on the sidewalk when "she suddenly fell and she did not know why or how she had fallen."   After the fall she, saw the hose.   A man who was walking six or eight feet behind her saw her fall but did not see her trip over the hose.   When he saw her fall she was beyond and "[c]ompletely over the hose."   The cause of her fall was not removed from conjecture by an unresponsive part of an answer made by her that "they told me I fell over it."   There was no error in directing verdicts for the defendants.   *Connolly* v. *Boston Elev. Ry.* 309 Mass. 177.   *Howe* v. *Boston,* 311 Mass. 278.   *McNeil* v. *First Natl. Stores, Inc.* 339 Mass. 46.   *Gerstenzang* v. *Kennedy & Co. Inc.* 340 Mass. 174.
   *Charles E. Bennett, (John W. McIntyre* with him,) for the plaintiffs.
   *William H. Carey,* for the defendants.