*Northern District*

#6328

## GERTRUDE KLEIN

v.

## MELROSE SAVINGS BANK

Argued:-Nov. 16, 1966     Decided:-Feb. 23, 1967

*Present:* Connolly, J. (Presiding), Parker, Yesley, J.J.

Case tried to *Glaser, J.* in the First District Court of Eastern Middlesex    No. 3348/1964

*Connolly, J.* In this case, *the plaintiff seeks to recover for personal injuries she alleges she received as the result of a fall on the premises of the defendant.* Her declaration contains three counts, all in tort.

*Count* 1 alleges that the defendant was in control of the building; that the plaintiff was an invitee; that the defendant owed the plaintiff a duty to keep the premises in a safe and proper condition; that the defendant failed in its duty and the plaintiff was caused to fall on *snow and ice* which had been permitted to accumulate on the floor and which was known or should have been known by the defendant, causing injury and damage to the plaintiff. *Count* 2 in substance alleges that the plaintiff was an invitee of the defendant and was caused to fall by the carelessness and negligence of the defendant. *Count* 3 contains substantially the same allegation as Count 1, but attributes the fall of the plaintiff to a defective condition of the premises rather than to snow and ice.

The answer is general denial, contributory negligence and assumption of the risk, statute of limitations and denial of notice as required by law.

*At the trial, there was evidence tending to show the following:*

The plaintiff was 49, a housewife, and on Janaury 13, 1964, in very snowy weather, went to the defendant's bank to cash a check and make out some registered checks; that she arrived around 1:54 p.m.; the tile floor was very wet when she entered; that she went to a table ten feet away from the front door and then to a teller's window about fifteen feet away; that when she was going out she slipped near the front door and saw a piece of ice about two inches thick on the floor. A notice to the defendant was introduced by the plaintiff and read as follows:

> "January 23, 1964 - You are hereby notified that Mrs. Gertrude Klein of 22 Holbrook Court, Melrose, Massachusetts was seriously injured on January 13, 1964 at about 1:45 p.m. in your bank offices at 476 Main Street, Melrose, Massachusetts as a result of slipping and falling to the floor on said premises due to an accumulation of snow and ice which caused her to fall. Gertrude Klein by Melvin J. Levine, her attorney, hereunto duly authorized."

One Billings, a witness called by the plaintiff, testified that he was a mortgage officer of the

bank on January 13, 1964 which was a bad day; that his desk was six feet from the front door; that he did not see Mrs. Klein fall, but saw her getting up; that the floor was like the court-room floor and was slippery when wet but that the maintenance man always put mats down and mopped the floor when he could; that where the plaintiff was on the floor was next to one of the rubber mats, pictures of which were introduced as exhibits; that he was busy with a customer; that he was in and out of the bank; that he saw some water from shoes on the floor that day; that he didn't see the plaintiff come in to the bank that day.

The defendant offered in evidence certain answers of the plaintiff to its interrogatories. The interrogatories and answers are, as follows:

> Interrogatory 19: If you claim that any alleged defective condition of the premises referred to in your declaration caused your alleged injury, state as accurately as possible how long the alleged defective condition had existed prior to the accident.

> Answer to 19: I don't know.

> Interrogatory 20: Please state as accurately as possible when you first observed the alleged defective condition of the premises referred to in your declaration.

> Answer to 20: On January 13, 1964

> Interrogatory 2: Please state when and

specifically where on the defendant's premises the alleged accident occurred, stating full details as to the time, place and surroundings.

Answer to 2: Melrose Savings Bank - January 13, 1964 - 1:45 P.M. between teller's window and front door.

The defendant duly filed the following requests for rulings:

1.. The evidence does not warrant a finding that the defendant, its agents or servants were negligent.

a. As to Count 1, b. As to Count 2, c. As to count 3.

2. The evidence does not warrant a finding other than that the negligence of the plaintiff contributed in whole or in part to cause the alleged injuries and damage.

a. As to Count 1, b. As to Count 2, c. As to count 3.

3. The evidence does not warrant a finding that any negligence of the defendant proximately caused the alleged injuries and damage.

a. As to Count 1, b. As to Count 2, c. As to count 3.

4. As a matter of law, the defendant breached no legal duty owed by it to the plaintiff.

a. As to Count 1, b. As to Count 2, c. As to count 3.

5. There is no liability for a condition that's only a natural result of the manner in which a business is openly and visibly being carried on.

a. As to Count 1, **b.** As to Count 2, **c.** As to count 3.

**6.** The plaintiff has the burden of proving that the defendant had a reasonable time to discover and remedy any defect.

a. As to Count 1, **b.** As to Count 2, **c.** As to count 3.

**7.** The defendant had no duty to warn of obvious defects.

a. As to Count 1, **b.** As to Count 2, **c.** As to count 3.

**8.** The defendant's duty was only to exercise reasonable care to keep in a safe condition that portion of [its] premises to which the plaintiff was invited or to warn her against dangers not known to her or obvious to an intelligent person, which were either known or ought to have been known.

a. As to Count 1, **b.** As to Count 2, **c.** As to count 3.

**9.** The plaintiff has not as a matter of law sustained the burden of proving all the elements of her case required to be proved by law.

a. As to Count 1, **b.** As to Count 2, **c.** As to count 3.

**10.** As a matter of law, there must be a finding for the defendant.

a. As to Count 1, **b.** As to Count 2, **c.** As to count 3.

**11.** Count 1 does not state a cause of action.

**12.** Count 2 does not state a cause of action.

**13.** Count 3 does not state a couse of action.

Requests 5, 6, 7 and 8 were allowed and the remaining requests were disallowed. The judge found:

"I find as a fact upon all of the evidence that the plaintiff was a business invitee of the defendant and while on the defendant's premises and while in the exercise of due care was caused to fall and sustain injuries as a result of the failure of the defendant to maintain its premises in a safe condition, which the defendant knew or should have known existed, and that the negligence of the defendant was the proximate cause of the plaintiff's injuries."

The court found for the plaintiff and assessed damages in the sum of $525.17 which includes interest.

In addition to the pictures referred to above, a weather report was also introduced as an exhibit.

The pictures are of the premises of the defendant in the vicinity of the front door. According to the pictures, the floor was in good condition and partially covered by mats in the form of runners. The weather report indicates it snowed heavily on the day of the plaintiff's mishap.

The trial judge did not state under which of three counts of the declaration he made his finding for the plaintiff. But regardless of which of the counts he had in mind, his finding required supporting evidence of negligence. We do not think there was such evidence.

■ We agree with the defendant that Count #1 incorrectly states the legal duty of the defendant owed to the plaintiff.

■ Further, if the plaintiff's fall is attributed to the piece of ice she saw on the floor after she fell, she cannot recover because she did not introduce evidence that the officers or employees of the defendant knew of the presence of the ice, or that the ice had been there long enough to charge the defendant with knowledge of its presence so that the defendant in the exercise of due care should have had it removed. *MacNeil* v. *First National Stores Inc.,* 339 Mass. 46 at 48

■ A finding for the plaintiff under Count #3 would not be warranted because there is no evidence that the floor in question was in a defective condition.

Nor do we think there is liability under Count #2.

■ We infer from the reported evidence that the floor of the defendant's premises was wet due to melting snow and ice tracked into the premises by customers. Under these circumstances, a "snow and ice" notice is required along with proof of negligence of the defendant and a causal relationship between this negligence and the injury of the plaintiff to permit recovery. [*Walsh* v. *Riverway Drug Store, Inc.,* 311 Mass. 326, 328]. A "snow and ice" notice was given and it is not an issue in

the case. *DePrizio* v. *Woolworth Co.*, 291 Mass. 143.

■ The plaintiff was a business invitee of the defendant. As such, the defendant owed her the duty to use reasonable care to keep the premises in safe condition for her use as a customer, or at least warn her against any dangers attendant upon this use which were not known to her, or obvious to any ordinarily intelligent person, and either were known or in the exercise of reasonable care, ought to have been known to the defendant. *Crone* v. *Jordan Marsh Co.*, 269 Mass 289, 291.

■ The facts viewed in the light most favorable to the plaintiff are that she slipped while walking on a slippery floor of the defendant and that this slippery condition was known to an officer and an employee of the defendant. After she fell, she saw a piece of ice about two inches thick on the floor. Part of the floor in question was covered with mats. We do not think this is enough to support a finding of negligence. It would appear that the plaintiff fell because the floor was slippery or because of the piece of ice she saw after she fell. We have already stated why she cannot recover if her fall was occasioned by the piece of ice. *MacNeil* v. *First National Stores, Inc.*, 339 Mass. 36.

■ Nor can she recover if her fall was the result of the slippery condition of the floor since a slippery floor in and of itself is not

enough to hold the defendant liable. *Battista* v. *F. W. Woolworth Co.*, 317 Mass. 179. *Maguire* v. *Valley Arena Inc.*, 299 Mass. 351.

Because we do not think there was evidence of negligence to support a finding for the plaintiff under any of the counts in the declaration, the denial of defendant's request #1 was prejudical error. It is unnecessary to discuss the other requests.

**The finding for the plaintiff is vacated. A finding to be entered for the defendant.**

MELVIN J. LEVINE
    for Plaintiff
ROBERT A. CURLEY
    for Defendant