Virginia ROSCOE
vs.
**STAR MARKET COMPANY**

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

March 24, 1980

**Emidio DiLoreto** for the plaintiff.
**Francis E. Sullivan** for the defendant.

Present: Cowdrey, P.J., Flynn & Zoll*, JJ.

**FLYNN, J.** This is an action in tort to recover for personal injuries allegedly sustained as a result of the plaintiff's fall on the defendant's business premises.

At trial there was evidence tending to show that: The defendant operated certain business premises consisting of a supermarket and adjacent paved parking lot, and was responsible, as licensee of the premises, for all required snow removal. On February 5, 1977 at 7:45 p.m., the plaintiff left her home and proceeded to the defendant's place of business. It was snowing, and there existed snow on the ground. The report states that there was a "snowbank running along the rear of the defendant's supermarket."

The plaintiff did not walk by way of public street or sidewalk but instead traversed an undefined piece of property, passed through a break in a fence, crossed two sets of railroad tracks, proceeded through a break in a second fence and then climbed over a snowbank which was approximately eleven feet wide. The report states that the plaintiff "was crossing over the snowbank, got into the parking lot, put her foot on the pavement, slipped and fell." Additional evidence including the plaintiff's own testimony, however, indicated that the plaintiff's mishap occurred as she was stepping off the snowbank, and that she was still standing on the bank at the precise moment of her fall. Finally, there was evidence that the route traveled by the plaintiff was utilized by other people.

The defendant submitted the following request for ruling of law which was denied by the trial court:

"Upon all the evidence, a finding for the plaintiff is not warranted because there is no evidence of any negligence on the part of the defendant, its agents or servants."

The trial court entered judgment for the plaintiff in the amount of $7,500.00 upon subsidiary findings of fact which included the following:

"[T]he plaintiff was in the exercise of due care . . . ; the defendant breached its duty of due care by its negligence in allowing an unnatural accumulation of snow and ice to form on its prem-ises; that as a result of such negligence the plaintiff was caused to fall on its premises and sustained injuries to her person and property."

The defendant has claimed a report to this Division on a charge of error in the trial court's denial of its request for ruling of law.

The defendant's single request for ruling of law sought a determination that the evidence advanced by the plaintiff was insufficient to establish negligence, and that a finding for the defendant was required as a matter of law. An examination of the evidence reported supports this conclusion, and compels us to conclude that the plaintiff has failed to sustain her burden of proving that her injuries were the proximate result of a negligent act or omission by the defendant.

We agree that the defendant owed the plaintiff, as a business invitee, a duty to employ reasonable care to maintain its business premises in a reasonably safe condition, which premises would include the parking lot and all customary means of access to the supermarket. **West v. Molders Foundry Co.,** 342 Mass. 8, 12 (1961); **Romano v. Massachusetts Port Authority,** 3 Mass. App. Ct. 765 (1975); **Spring v. Foodmaster Super Market, Inc.,** 2 Mass. App. Ct. 808 (1974); **Kraft v. Higgins,** 56 Mass. App. Dec. 15, 18 (1975). It was incumbent upon the plaintiff, however, in order to recover for any breach of this duty by the defendant, to establish that she sustained injuries on premises controlled by the defendant as a direct result of a defect thereon which was either created by or known to the defendant, or which existed for a sufficient length of time to have been discovered and remedied by the defendant in the exercise of due care. **Oliveri v. Massachusetts Bay Transp. Auth.,** 363 Mass. 165, 167 (1973); **Deagle v. The Great Atl. & Pac. Tea Co.,** 343 Mass. 263, 265 (1961); **Ventnor v. Marianne, Inc.,** 1 Mass. App. Ct. 224, 225-226 (1973). The characteristic elements of a "slip and fall" case are equally operative where the alleged defect is an accumulation of snow and ice. **Baldassari v. Produce Terminal Realty Corp.,** 361 Mass. 738, 739, 744

(1972); **Willett v. Pilotte,** 329 Mass. 610, 613 (1953).

An initial factor, therefore, to be established by the plaintiff was that the alleged dangerous condition or causal agent herein existed on premises controlled by the defendant. **Zezuski v. Jenny Mfg. Co.,** 363 Mass. 324, 331 (1973); **Huard v. Eastern States Exposition,** 46 Mass. App. Dec. 6, 11-12 (1970). The report states only that a snowbank was situated along the rear of the defendant's supermarket, and that the plaintiff slipped and fell while descending from a snowbank. Assuming arguendo that these snowbanks were one in the same, there is still no basis for a determination that the snowbank was actually located on the defendant's property. It is conjectural to conclude that a snowbank "along the rear of the defendant's supermarket" was actually a part of the premises rather than the abutting edge of an adjoining piece of land. Absent proof of control, a requisite element for the party with the burden of proof, the plaintiff was not entitled to recover.

The report is also devoid of any evidence from which an inference may be drawn that the defendant created, was actually aware of or should have discovered the snow and ice accumulation in question. There was no evidence that the defendant created the defect.

The report contains no evidence to support the finding of an unnatural accumulation of snow and ice on the defendant's premises. There is no description of the appearance or dimensions of the snow or ice accumulation, nor is there anything to aid in the determination of whether the snowbank was a naturally accumulated snowdrift or an unnaturally accumulated collection of plowed snow. Findings cannot supply evidence that the report lacks. **Manville v. Villemaire,** 45 Mass. App. Dec. 132, 134 (1970); **Pettinella v. Worcester,** 39 Mass. App. Dec. 7, 9 (1967).

It was not suggested that the defendant had actual knowledge of the condition. Moreover, on the question of whether the defendant should have had knowledge, it was essential for the plaintiff to establish that the condition existed for a sufficient period of time to have enabled the defendant to have discovered and corrected it.

An inference in favor of the plaintiff as to the duration of the condition in question cannot, however, be derived from the reported evidence. There was no direct proof of how long the accumulation had existed. **Labrie v. Donham,** 243 Mass. 584, 586-587 (1922); **Phipps v. Aptucket Post #5988,** Mass. App. Ct. .[a] Absent such evidence, the trial court could not have permissibly found that the defendant was negligent in failing to remedy it. **Silva v. Emco Dress Co.,** 51 Mass. App. Dec. 19, 33 (1973); **Klein v. Melrose Savings Bank,** 36 Mass. App. Dec. 217, 225 (1967).

We conclude that the trial court's finding for the plaintiff must be vacated, and judgment entered for the defendant.

**So ordered.**

J. Flynn

[a]Mass. App. Ct. Adv. Sh. (1979) 1161.

★The Honorable Samuel E. Zoll was a member of the panel at the hearing on this matter, but took no part in the final decision of this case which was issued subsequent to his resignation from the Appellate Division.