CATHERINE SCULLY & another[1] vs. JOSEPH CONNOLLY ICE
CREAM SALES CORPORATION.

Plymouth.   October 9, 1957. — November 13, 1957.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE,
& CUTTER, JJ.

*Negligence,* Store, Restaurant. *Evidence,* Opinion: expert.

At the trial of an action against the proprietor of an ice cream store by a
customer for personal injuries sustained as she was leaving a booth of
which the jury had photographs and took a view, expert testimony
as to the propriety of the construction and maintenance of the booth
was unnecessary and was properly excluded. [394]

Evidence did not warrant a finding of negligence on the part of the pro-
prietor of a well lighted ice cream store toward a customer who had
been seated in a booth having only narrow spaces between the seats
of its benches and the edges of a fixed table between them supported
by a leg resting on a wooden base attached to the floor, and who was
injured when her foot caught on the base as she was rising from her
seat to leave the booth and she was thrown to the floor outside the
booth. [394]

TORT.   Writ in the Superior Court dated April 28, 1952.
The action was tried before *Lurie,* J.

In this court the case was submitted on briefs.

*Thomas B. Shea & Francis D. Harrigan,* for the plaintiffs.

*Albert C. Doyle & Robert G. Clark, Jr.,* for the defendant.

COUNIHAN, J.   This is an action of tort in which the fe-
male plaintiff, hereinafter called the plaintiff, in count 1 seeks
to recover for personal injuries sustained on December 29,
1951, as a result of alleged negligence of the defendant in
the construction and maintenance of a booth in its store;
in count 2 her husband seeks consequential damages.   There
is no doubt that the plaintiff was a business invitee of the
defendant at the time of the accident.

The action comes here upon the plaintiffs' exceptions to

---

[1] Martin Scully, husband of Catherine.

the exclusion of evidence offered by them and to the allowance of the defendant's motions for directed verdicts. There was no error.

The evidence most favorable to the plaintiffs was as follows: The defendant was operating a store in Brockton for the sale of ice cream. Prior to the accident the plaintiff had been seated in a booth. There were several booths and tables in the store at which customers were served. These booths were new when the store opened on March 8, 1951. The booth in which the plaintiff had been seated consisted of two high-backed benches which faced each other. The benches were firmly fixed to the floor. Between them was a table, the inner side of which was rigidly attached to the wall of the store. The outer edge of the table was supported by a wooden leg or pedestal which rested upon a wooden base attached to the floor. This base was about two inches high and two inches wide. It extended about six inches from each side of the pedestal. The table was fixed in its position. Photographs of the booth were in evidence and are before us. It appears to be of a design and construction commonly found in places similar to the defendant's store. The premises were well lighted at the time of the accident. Besides having the photographs before them the jury took a view.

Because of the small space between the edge of the table and the seat of each bench the plaintiff was unable to walk forward into the booth. She had to back into it by sitting on the edge of the seat and swinging her legs under the table. The plaintiff admitted that she probably had sat in one of these booths before.

After the plaintiff had consumed her ice cream she started to leave the booth. The record is not entirely clear as to how she did this, but the evidence as we interpret it seems to show that while seated she swung one of her legs outside of the booth and then attempted to get out in the same way she entered it. As she started to rise her foot caught on the base on the floor and she was thrown to the floor of the store outside of the booth, sustaining injury.

The first exception is based upon the exclusion of a question put to an expert whose business was the designing of similar store fixtures. The offer of proof made by the plaintiff indicates that the witness would have testified that the construction and maintenance of the booth were improper. However, "the conditions shown were such as to be easily comprehended by the jury, and it is difficult to see any necessity for the testimony of an expert." *Lavoie* v. *Brockelman Brothers, Inc.* 315 Mass. 673, 677. *Turcotte* v. *DeWitt,* 332 Mass. 160, 165.

There was also no error in the direction of verdicts for the defendant. We recognize the familiar rule that a storekeeper owes a duty to a business invitee to use ordinary care to keep his premises in a reasonably safe condition for the use of an invitee and is also bound to warn an invitee of dangers of which he knew or ought to have known and of which such invitee could not reasonably be expected to know. It is apparent that the plaintiff had used these booths before and had full opportunity to observe the manner of their construction. Her difficulty in getting into this booth on the day of the accident should have prompted her to observe its condition as she was leaving it.

Moreover it appears that the construction of the booth was no different from that ordinarily to be found in places similar to the defendant's store.

We are of opinion that the issue of the negligence of the defendant is to be determined by cases like *Brooks* v. *Sears, Roebuck & Co.* 302 Mass. 184, *Byron* v. *Fresh Pond Open Air Theatre,* 333 Mass. 121, and cases therein cited.

*Exceptions overruled.*