CHARLES H. THORNTON, JUNIOR, administrator, & another
*vs.* FIRST NATIONAL STORES, INC.

Middlesex.   December 10, 1959. — January 5, 1960.

Present: WILKINS, C.J., SPALDING, COUNIHAN, WHITTEMORE, &
CUTTER, JJ.

*Negligence,* Store, Snow and ice.  *Evidence,* Opinion: expert; Interroga-
tories;  Cumulative evidence;  Failure to produce witness.  *Practice,*
*Civil,* Exceptions: whether error harmful, waiver, renewal of excep-
tion;  Charge to jury;  Argument to jury.  *Error,* Whether error harm-
ful.  *Damages,* For tort, Consequential.  *Snow and Ice.*

Evidence that on a step in a recessed entrance to a store there was light
snow over "dirty," "potted" ice one and a half to two and a half
inches thick "frozen solid to the step," and "a little rock salt," war-
ranted a finding of negligence on the part of the proprietor of the store
toward a customer who slipped and fell on the step and was injured.
[224]

The amount of salt required to melt ice of a certain thickness in certain
temperatures was a proper subject of expert testimony.  [224]

On evidence in an action for personal injuries that the plaintiff slipped
and fell at a place where there was ice of a certain thickness and
"a little rock salt," there was no abuse of discretion in admitting ex-
pert testimony of the amount of salt required to melt ice of that thick-
ness in the prevailing temperatures.  [224]

In an action for personal injuries prosecuted by the plaintiff's adminis-
trator following her death before the trial, the admission in evidence
under G. L. c. 233, §§ 65, 65A, of her answers to interrogatories con-
taining information about medical matters of which she did not have
personal knowledge was not prejudicial to the defendant where the
same information was contained in hospital records in evidence.  [225]

An exception to failure to give a correct request for ruling was waived
where the judge gave substantial additional instructions relating to
the subject matter of the request and the requesting party did not
thereafter renew the exception.  [225–226]

In an action for personal injuries sustained through slipping and falling
on ice described in the testimony as "dirty," it could not be said that
certain instructions to the jury prejudicially overemphasized the sig-
nificance of the dirt.  [226]

No error appeared at the trial of an action for personal injuries in a cau-
tion by the judge to the jury that comment by the defendant's counsel
in his argument on a failure of the plaintiff to produce an attending

Thornton *v.* First National Stores, Inc.

doctor as a witness was improper, where the only proof of availaiblity of the doctor as a witness was testimony that he was in practice in a nearby town. [226]

In an action with a declaration containing a count for personal injuries sustained by a woman, which was prosecuted by her husband as her administrator following her death before trial, and a count by him for consequential damages, there was reversible error in a confused charge susceptible of leading the jury to believe that damages for impairment of the woman's earning capacity through her injuries might be recovered by the husband both as administrator under the count for personal injuries and in his own right under the count for consequential damages. [226–227]

Certain additional instructions to the jury at the trial of an action following an exception to an erroneous portion of the charge were insufficient to lead this court to treat the exception as waived by failure to renew it after the additional instructions. [227]

TORT, originally by Elsa Thornton and Charles H. Thornton, Jr. Writ in the Superior Court dated January 25, 1955.

Elsa Thornton died before trial and Charles H. Thornton, Jr., as her administrator was substituted for her. The action was tried before *Swift,* J.

*John F. Drum,* for the defendant.

*Edgar Brenc,* for the plaintiffs.

CUTTER, J. This is an action of tort, in which recovery is sought in one count for personal injuries to Mrs. Thornton, now prosecuted by her husband as administrator, and in another count for his consequential damages. A motion for directed verdicts was denied, subject to the defendant's exception, and there was a verdict for the plaintiff on each count. Exceptions were also saved to the admission of certain testimony, to the denial of several requests for rulings, and to some aspects of the judge's charge. The facts are stated in their aspect most favorable to the plaintiffs.

1. Mrs. Thornton was injured at about 10:30 A.M. on December 21, 1954, when she "stepped up on . . . [a] step in the recessed doorway of the" defendant's store. "[S]he slipped and fell and hit her knee on the corner of the step." She "noticed that there was a little rock salt there and . . . there was ice and some snow because it had been snowing over the ice." She told the manager of the store about it and "she saw an open salt bag there." When "she stepped

up on this step . . . it was just . . . light snow over the ice, which was a 'potted' ice" about an inch and a half to two and a half inches thick "frozen solid to the step. . . . [I]t was a dirty ice . . . under this snow because it had been snowing all day." Weather Bureau information in evidence showed that the temperature had ranged from 29° Fahrenheit at 6 A.M. to 27° at 10 A.M. and 26° at 11 A.M. and that there had been a light snowfall for some hours.

From the presence of salt on the step the jury could have inferred that the defendant had tried to melt ice or snow on the step at some time prior to the accident and had knowledge of the presence of whatever old ice may have been on the step, even if the light snow on top had freshly fallen. The jury could also reasonably have inferred that the old ice had been there for some time because it was "frozen solid to the step." See *Lanagan* v. *Jordan Marsh Co.* 324 Mass. 540, 541; *Willett* v. *Pilotte*, 329 Mass. 610, 613; *Schallinger* v. *Great Atl. & Pac. Tea Co.* 334 Mass. 386, 390. Cf. *Falden* v. *Gordon*, 333 Mass. 135, 138. Although of some confirmatory value, the fact that the ice was dirty is of less significance, for ice in an entrance used for travel would be likely to become dirty very quickly. See *Leary* v. *Jordan Marsh Co.* 322 Mass. 309, 310. A verdict could not be directed for the defendant.

2. A chemical expert was permitted to testify, subject to the defendant's exception, that to keep ice of the thickness of one and one half to two and a half inches in melted form at temperatures from 26° to 29° Fahrenheit would require "roughly two and a half to five per cent of salt by weight which . . . is an extremely high concentration." We cannot say that this was not a proper subject for expert testimony or that, in view of Mrs. Thornton's observation of "a little rock salt" in the entrance, it was an abuse of discretion to admit the testimony. See *Commonwealth* v. *Makarewicz*, 333 Mass. 575, 591–592; *Ellis* v. *Wingate*, 338 Mass. 481, 487. Cf. *Scully* v. *Joseph Connolly Ice Cream Sales Corp.* 336 Mass. 392, 394; *Merwin* v. *De Raptellis*, 338 Mass. 118, 120.

3. The admission in evidence of answers to interrogatories given by Mrs. Thornton prior to her death was permissible under G. L. c. 233, § 65 (as amended through St. 1943, c. 232, § 1), and § 65A (inserted by St. 1931, c. 386). To the extent that these answers contained information about her injuries and treatment, medical matters of which Mrs. Thornton did not have direct personal knowledge, the defendant was not prejudiced. Because hospital records in evidence contained the same information, the testimony was merely cumulative.

4. The defendant requested a ruling that "[e]ven if . . . [Mrs. Thornton] fell because of snow or ice on . . . [the] step . . . the plaintiff cannot recover unless . . . such snow or ice had been there long enough so [that the] defendant should in the exercise of due care have remove[d] it." The request should have been given. The defendant properly excepted to the judge's failure to give it. The trial judge, after referring to the request, thereupon gave further instructions, quoted in part in the margin.[1] The defendant now contends that these instructions did not clearly tell the jury that Mrs. Thornton could not recover if the jury found that the ice had not been there long enough so that the defendant should have discovered and removed it if in the exercise of due care. See *Lanagan* v. *Jordan Marsh Co.* 324 Mass. 540, 541. Nevertheless, at the close of the additional instructions, the defendant (cf. *Horowitz* v. *Bokron*, 337 Mass. 739, 746) merely "excepted to that portion of the

---

[1] A public store must "use reasonable care to have . . . [its] premises . . . in reasonably safe condition. . . . As to whether or not the ice and snow . . . how long it was on there — you will recall that there is one witness that testified to the dirty condition of the premises — of the snow and ice there. It is for the jury to determine in view of the weather report that has been introduced here. And if evidence that this was a dirty place — and the word 'dirt' was used — was it there long enough for the defendant to have discovered it, if they used reasonable care for the reasonable safety of the public?" After stating that the defendant is not liable for the natural fall of snow, he continued, "It is only when the defendant fails to use reasonable care to reasonably make the premises reasonably safe for its customers that makes the defendant liable. If the jury find that the defendant failed to do that, then the defendant may be liable in damages. If the jury find that the defendant has not failed to make it reasonably safe, the plaintiff cannot recover."

additional charge . . . 'that this was a dirty place.'" The judge, by the additional instructions on this phase of the case, had made a substantial attempt to correct his failure to give the defendant's requested ruling. If the defendant thought that the effort was not sufficient, it was incumbent on the defendant to renew its exception. See *Cozzo* v. *Atlantic Ref. Co.* 299 Mass. 260, 269. See also *Commonwealth* v. *Hersey,* 324 Mass. 196, 203–204. Cf. *Shawsheen Manor Corp.* v. *Colantino,* 329 Mass. 715, 719.

The presence of dirt, without more, is of slight, if any, probative value in determining how long ice, water, or other substances have been in a particular spot. See *DiAngelo* v. *United Mkts. Inc.* 319 Mass. 143, 148–149; *Leary* v. *Jordan Marsh Co.* 322 Mass. 309, 10–311; *Uchman* v. *Polish Natl. Home, Inc.* 330 Mass. 563, 565. The judge's references to the dirty ice, however, seem to have been little more than a method of recalling to the minds of the jurors the relevant testimony. It did not so overemphasize the significance of the dirt as to make his reference prejudicial error.

5. The judge in his charge referred to what we may reasonably infer to have been a comment by the defendant's counsel upon the administrator's failure to produce as a witness an attending doctor. Thornton had testified that the doctor was at the time of the trial in practice in Dedham. This was not sufficient proof of the actual availability of the witness on the day of trial to warrant comment by counsel on the witness's absence, even if, which we need not decide, upon adequate proof of the witness's availability such comment would have been proper. The defendant was not prejudiced by the judge's caution to the jury that such comment by counsel was improper. Cf. *Horowitz* v. *Bokron,* 337 Mass. 739, 743–744, and cases cited. Cf. also *McKim* v. *Foley,* 170 Mass. 426, 428.

6. The judge, subject to the defendant's exception, said in his charge: "A housewife that is injured . . . if there is a diminution, a lessening of her ability to earn, no matter in what she is engaged, . . . is entitled to damages. And

if she is entitled to damage[s] for loss to earning capacity, then this administrator stands in her position . . . ." He went on to say, "Now, there is in this case here a count for consequential damages. Consequential damages . . . are sought by the husband as a rule, for what he has paid out . . . to restore his wife to that condition of health . . . enjoyed just before the accident. He is entitled to anything he paid out for drugs or . . . for any hospital bills . . . . Those are called consequential damages. He is entitled to *any diminution, any loss, any lessening of his wife's ability to earn which follows the accident, and is due to the injury she then received in the accident.* Those are the elements that go to make up the damage part of the case" (emphasis supplied). The instructions were not clear. The jury on these instructions could have concluded (a) correctly, that Thornton as administrator was entitled to recover for his wife's loss of earning power, and (b) incorrectly, that Thornton, in his own right, was also entitled to recover for such loss. There cannot be a double recovery. *Cassidy* v. *Constantine,* 269 Mass. 56, 59. See *Alden* v. *Norwood Arena, Inc.* 332 Mass. 267, 276, and discussion in *Thibeault* v. *Poole,* 283 Mass. 480, 483–485; *Cummings* v. *Brenci,* 334 Mass. 144, 145–146. See also G. L. c. 209, § 6; *Saltzberg* v. *Lumbermens Mut. Cas. Co.* 326 Mass. 351, 354. Cf. *Hinckley* v. *Capital Motor Transp. Co. Inc.* 321 Mass. 174, 178–179.[2] The possibility of confusion was not cured by other provisions of the charge or by the brief additional charge[3] on this point. The judge's inadequate additional comment was not so clear, or so plainly directed to correcting the earlier confused statement, as to lead us to refuse to consider the original exception in the absence of a further exception following the additional comment.

---

[2] The present case does not seek recovery of damages for wrongful death, which may involve other considerations under applicable statutes. Cf. *Alden* v. *Norwood Arena, Inc.* 332 Mass. 367, 276–277.

[3] The judge's additional charge relevant to consequential damages was merely, "The court did not state in covering consequential damages that it was the husband that could recover. The court used the term 'administrator.' It happens to be the same person."

7. The exception to the charge on recovery for loss of earning power is sustained. There must be a new trial confined to the issue of damages.

*So ordered.*