## Rebecca N. Goulart *vs.* Canton Housing Authority.

No. 01-P-1030.

Norfolk. December 10, 2002. - February 24, 2003.

Present: Greenberg, Kass, & Grasso, JJ.

*Negligence,* Snow and ice, One owning or controlling real estate. *Snow and Ice.*

In a negligence action brought by a plaintiff injured by a fall on icy steps at a complex owned and maintained by the defendant housing authority, the judge correctly granted summary judgment in favor of the defendant, where the defendant's employees' use of calcium chloride (i.e., salt) on the natural accumulation of ice on the steps could not be said, as a matter of law, to have created a hazardous unnatural condition for which liability could be imposed [442-444]; further, the defendant's written snow removal policy did not provide an independent basis for liability [444-445].

Civil action commenced in the Superior Court Department on December 1, 1999.

The case was heard by *Elizabeth M. Fahey,* J., on a motion for summary judgment.

*Miles Siegel (Diane R. Gordon* with him) for the plaintiff.

*Maureen Reilly* for the defendant.

Greenberg, J. The plaintiff, Rebecca Goulart, a visiting nurse, slipped and fell on icy steps at the Hemenway Senior Housing Complex owned and maintained by the defendant, Canton Housing Authority. She claimed that the defendant's maintenance workers caused an unnatural accumulation of ice on the exterior landing and stairs where she fell at a back entrance of the building, and she brought suit in the Superior Court to recover damages for her injuries. The defendant filed a motion for summary judgment, which was allowed by a judge of that court. The question put is whether the way in which the defendant's employees used calcium chloride — in common parlance, a salt

— created a hazardous condition for which liability may be imposed. There is a subsidiary question whether there was a violation of the defendant's written snow removal policy and, if so, whether it provides an independent basis for liability.

Ordinarily, summary judgment is not an appropriate means to resolve negligence cases, because usually the question of negligence is one of fact. However, a judge may decide the issue as matter of law when no rational view of the evidence permits a finding of negligence. See, e.g., *Mullins* v. *Pine Manor College*, 389 Mass. 47, 56 (1983), and cases cited. Because the burden is on the movant, the evidence presented is always construed in favor of the party opposing the motion, and the opposing party is given the benefit of all reasonable inferences that can be drawn from it. See, e.g., *Ng Bros. Constr., Inc.* v. *Cranney*, 436 Mass. 638, 643-644 (2002), and cases cited. "A court should not grant a party's motion for summary judgment 'merely because the facts he offers appear more plausible than those tendered in opposition, or because it appears that the adversary is unlikely to prevail at trial.' " *Attorney Gen.* v. *Bailey*, 386 Mass. 367, 370 (1982) (citation omitted). With those principles in mind, we summarize those uncontested facts appearing in the materials submitted by the parties below.

After the plaintiff finished her work that morning, a tenant directed her to a back door exit through a courtyard. From the courtyard, a set of concrete steps led up to a door that the tenant apparently was unaware was kept locked for safety reasons. There had been mixed precipitation of rain and snow the previous day and that morning, and the door's landing was covered by wet, smooth ice approximately one-half inch thick. The plaintiff walked up the steps without mishap. She then discovered that the door was locked, turned to descend, and slipped and fell on the steps. With considerable difficulty, she got up and noticed that her coat and the pocketbook she was carrying were both wet.

At her deposition, the plaintiff said that when she fell she did not know why the ice would be wet, because it was "so cold" outside and the steps were in a shady spot. The answer appeared when she had her pocketbook chemically tested to determine the contents of the water. The test showed the pres-

ence of calcium chloride, a melting agent used for snow and ice removal, and the defendant admitted to treating the steps with that substance. The plaintiff does not recall whether the ice was dirty and does not recall seeing any footprints or other marks in the ice.

*Analysis.* Landowners owe a duty of reasonable care under the circumstances to those lawfully on their property. See *Mounsey* v. *Ellard*, 363 Mass. 693, 707-708 (1973). As a matter of law, "this duty is not violated by a failure to remove a natural accumulation of snow or ice." *Sullivan* v. *Brookline*, 416 Mass. 825, 827 (1994). Simply put, "landowners are liable only for injuries caused by defects existing on their property and . . . the law does not regard the natural accumulation of snow and ice as an actionable property defect, if it regards such weather conditions as a defect at all." *Aylward* v. *McCloskey*, 412 Mass. 77, 79 (1992). In contrast to this (the "Massachusetts rule"), the so-called "Connecticut rule" establishes an affirmative duty on landowners to take reasonable steps to keep their premises reasonably safe from the hazards associated with natural accumulations of snow and ice for the benefit of invitees. See Prosser & Keeton, Torts § 61, at 427-428 & n.11 (5th ed. 1984). Even under the Massachusetts rule, however, liability may attach "where some act or failure to act has changed the condition of naturally accumulated snow and ice, and the elements alone or in connection with the land become a hazard to lawful visitors." *Aylward* v. *McCloskey, supra* at 80 n.3.[1]

The plaintiff argues that applying salt changed the condition of naturally accumulated snow and ice so as to create a hazardous unnatural accumulation.[2] This is a relatively novel theory, especially since in jurisdictions where reasonable efforts must

---

[1]A separate rule governs Massachusetts counties, cities, and towns, which are insulated from liability for "injury or damage sustained upon a public way by reason of snow or ice thereon, if the place at which the injury or damage was sustained was at the time of the accident otherwise reasonably safe and convenient for travelers." G. L. c. 84, § 17. *Gamere* v. *236 Commonwealth Ave. Condominium Assn.*, 19 Mass. App. Ct. 359, 363 (1985). This need not concern us, however, as a housing authority, "although organized by and in each city and town in cooperation with the State," is not a county, city, or town. *Johnson-Foster Co.* v. *D'Amore Constr. Co.*, 314 Mass. 416, 419 (1943).

[2]The plaintiff does not claim that the icy situation was caused by any leaks, drainage problems, or other defects in the premises, see *Baldassari* v. *Produce*

be taken to remove the hazards posed by snow and ice, the usual suggestion is that a defendant might be negligent not for applying salt, but for failing to apply it. See, e.g., *Christianson v. Kramer*, 255 Iowa 239, 246 (1963); *Raff v. Acme Mkts., Inc.*, 247 Md. 591, 598 (1967); *Maxwell v. Lewis*, 186 Neb. 722 (1971); *Filipiak v. Plombon*, 15 Wis. 2d 484, 488 (1962).

In Massachusetts, it is clear that not every human act or failure to act — not even those that foreseeably increase the risk of mishap — transforms a natural accumulation of snow and ice into an unnatural one, so as to permit a finding of liability. For example, piling snow uphill of a walkway onto which it then melts and refreezes is not grounds for a finding of negligence in Massachusetts. See *Cooper v. Braver, Healey & Co.*, 320 Mass. 138, 139-140 (1946). Neither is incomplete shoveling that removes snow but thereby exposes a thin layer of ice covering a ramp. See *Sullivan v. Brookline*, 416 Mass. at 828 & n.2. Given that landowners who engage in these activities have been insulated from liability, we cannot rule that those who salt should be subjected to it.

Our conclusion finds general support in the few jurisdictions that have addressed whether applying salt can open landowners to liability for negligence: in Illinois and Michigan, defendants may not be held liable for salting, see *Harkins v. System Parking, Inc.*, 186 Ill. App. 3d 869, 872-873 (1989); *Zielinski v. Szokola*, 167 Mich. App. 611, 621 (1988), overruled on other grounds by *Robinson v. Detroit*, 231 Mich. App. 361 (1998), although in Delaware, a jury could find salting negligent if unreasonable in the circumstances, see *Robelen Piano Co. v. DiFonzo*, 53 Del. 346, 354-355 (1961). As explained by the Court of Appeals of Michigan, "[w]e do not view the application of salt to an icy surface as the introduction of a new hazard . . . Salting does not create a hazard, instead it only alleviates, albeit temporarily, a hazard that already existed. For this reason, liability should not attach merely because the powerful forces of nature reassert themselves and a salted surface refreezes." *Zielinski v. Szokola, supra.* See generally *Riccitelli v. Sternfeld,*

---

*Terminal Realty Corp.*, 361 Mass. 738, 744 (1972), but only that the defendant's use of calcium chloride changed the snow and ice from a natural to an unnatural accumulation.

349 Ill. App. 63, 67 (1952) ("In one sense, a dangerous situation is created, but much less dangerous than would be created if no one undertook to do anything. . . . The general assumption is that the industry displayed by citizens removing snow after a snowfall is desirable, if not necessary"). We are persuaded that the rationale of the Michigan and Illinois cases is most compatible with Massachusetts doctrine.

Neither is this case governed by *Thornton* v. *First Natl. Stores, Inc.*, 340 Mass. 222 (1960), as the plaintiff urges. In *Thornton*, the jury reasonably could have inferred that ice — one and one-half to two and one-half inches thick, dirty, and frozen solid to the step — had been present at the defendant store owner's front entrance for so long that, in the exercise of due care, the defendant should have discovered and removed it. See *id.* at 224-225. The evidence offered in the case at bar is not nearly so egregious. The plaintiff produced evidence of smooth ice approximately one-half inch thick on the landing of a routinely locked back door between the courtyard and the building, showing no evidence of dirt, footprints, or other marks. We see no reason for this case to be removed from the general rule against liability for naturally accumulating snow and ice. Contrast *Delano* v. *Garrettson-Ellis Lumber Co.*, 361 Mass. 500, 503 (1972) (jury could infer negligence where muddy ice with ruts three and four inches deep, covered and obscured by one-half inch of snow, was allowed to remain for several days in area open to pedestrian invitees).

The plaintiff's other contention is that the defendant's written snow removal policy provides an independent basis for liability. Assuming, without deciding, that the language of the policy required that the ice be cleared from the landing at issue,[3] this argument still fails. Violation of an ordinance requiring that walks be cleared of snow and ice does not create a duty in a plaintiff where one does not exist independently. See, e.g., *Field*

---

[3]The policy states in relevant part: "5. All front walkways from each building to the street are to be kept clear of ice and snow from edge to edge. . . . Once the main walkways have been cleared you are to clear those other walkways you know are used on a regular basis. . . . 6. After the storm is over, snow is to be removed from all walkways and parking areas. 7. Sanding is to be done on an as needed basis. You are to use good judgement [*sic*] to insure that all walkways are safe and in good condition."

v. *Gowdy*, 199 Mass. 568, 573 (1908); *Smith* v. *Locke Coal Co.*, 265 Mass. 524, 526-527 (1929), and cases cited. Even breach of a contractual obligation to clear the walks does not create a duty in tort. See *Anderson* v. *Fox Hill Village Homeowners Corp.*, 424 Mass. 365, 368-369 (1997) (explaining that to conclude otherwise "would give rise to a common law duty which we repeatedly have declined to impose on landowners"). The mere existence of a violated policy does not impose liability on the defendant.

*Judgment affirmed.*