Carhart, Judd J., J.

Background

On February 5, 2003 the plaintiff, John L. Sullivan (“Sullivan”) slipped and fell on ice in the parking lot of the Elizabeth Manor Apartments (“Elizabeth Manor”) in Agawam. On April 14, 2004, Sullivan brought this action for negligence against the defendants. The defendants now move this court for summary judgment, alleging that they cannot be held liable for a fall caused by a natural accumulation of ice on their property. After a hearing, the defendant’s Motion is allowed.[2]

Facts

Based upon the pleadings in this case, I find the following facts.
The temperature on the morning of February 5, 2003, was, as is typical for February morning in New England, below freezing. On that morning Sullivan, a longtime resident of Elizabeth Manor, slipped on athin coating of ice as he stepped from the sidewalk leading from the “E” door to the asphalt of the parking lot of the premises. According to Sullivan’s deposition, the ice was thin and clear. Sullivan admitted in his answers to interrogatories that the area had been plowed or shoveled four to six days before February 2nd, 2003. In his deposition Sullivan testified that the ice had likely formed either as a result of snow falling on or around the area at the end of entrance “E” which partially melted and then refroze into ice on the asphalt or as a result of water melting from adjacent snow piles and then refreezing. Sullivan does not know how long the condition existed before his fall, nor does he know whether the employees of the defendant were aware of the presence of ice in the area before the plaintiff fell.

Discussion

Based upon the conclusion that the ice formed as a result of water melting from snow piles which had been created from previous plowing or shoveling, Sullivan’s only allegation is that the defendants were negligent in plowing or shoveling snow in a manner that left it to melt and refreeze in such a way as to cause the plaintiff to fall.
1. Standard of Review
In order to succeed on a motion for summary judgment, a party must show “that there is no genuine issue of material fact and that [it is] entitled, as a *730 matter of law, to a judgment.” Smith v. Massimiano, 414 Mass. 81, 85 (1993); Mass.R.Civ. P. 56(c). Where, as here, the movant does not bear the burden of proof at trial, it must either submit affirmative evidence negating an essential portion of the opposing party’s claim, or demonstrate that the opposing party’s evidence is insufficient to establish its claim. Kourouvacilis v. General Motors Corp., 410 Mass 706, 715-16 (1991). The opposing party may not rest its opposition on mere contradictions of the movant’s factual allegations, but must demonstrate the existence of admissible evidence which would support its claim at trial. Godbout v. Cousens, 396 Mass. 254, 261 (1985); Key Capital Corp. v. M&S Liquidating Corp., 27 Mass.App.Ct. 721, 728 (1989).

2. Natural Accumulations of Ice and Snow

Massachusetts law does not allow for recovery for accidents which result from natural accumulations of snow or ice. Anderson v. Fox Hill Village Home Owners Corp., 424 Mass. 365, 367 (1997). Further, property owners in Massachusetts have no duty to remove such natural accumulations. Sullivan v. Brookline, 416 Mass. 825, 829 (1994). The plaintiff attempts to circumvent these well-established rules by arguing that the defendants’ reasonable and prudent act of clearing the snow itself rendered the ice on which he fell “unnatural,” thus making the defendants liable for his injury. This argument has been attempted, unsuccessfully, before. Cooper v. Braver, Healey & Co., Inc., 320 Mass. 138, 139-40(1946) (owner not liable for fall from ice which formed as a result of shoveled snow remelting onto walkway); Mahoney v. Perreault, 275 Mass. 251, 253 (1931) (same); Goulart v. Canton Housing Authority, 57 Mass.App.Ct. 440, 443 (defendant’s application of salt to melt snow which then refroze into ice does not create liabiliiy). Absent some evidence of “leaks, drainage problems, or other defects in the premises” which caused the ice to accumulate, Goulart, 57 Mass.App.Ct. at 442 n.2, evidence which the plaintiff has failed to provide, the argument must fail here, too.

ORDER

For the foregoing reasons, the defendants’ motion for summary judgment is ALLOWED.

Because I find no liability on the part of any of the defendants, this memorandum will not address defendant Yousseff Chehade’s claim that, as an officer of the corporation which runs Elizabeth Manor, he is not liable to the plaintiff.