Fremont-Smith, Thayer, J.
On January 24, 2002 plaintiff slipped and fell while walking from the parking lot to a paved driveway leading to Loker Elementary School in Wayland. Plaintiff, who was the only witness, testified at her deposition that she fell on “hard packed snow," which appeared to have been left behind by a snowplow. She also admitted to having observed “slippery” conditions in the lot in visits to the property earlier that week.
In Sullivan v. Town of Brookline, 416 Mass. 825, 827 (1994), the Court held that a “natural accumulation” of ice or snow is not a “defect” for which a landowner can be held liable. In that case, the Court found (at 827) that the defendant Town’s shoveling of a walkway so as to leave the walkway in an icy condition, did not change the character of the snow or ice into an “unnatural accumulation,” as there was no evidence that the shoveling had created the ice on the walkway. It has also been established that treatment of ice or snow with salt, or piling snow uphill of a walkway, does not transform what was a “natural accumulation” into an “unnatural” one. Goulart v. Canton Housing Authority, 57 Mass.App.Ct. 440 (2003) at 443. This being so, the plowing of snow which results in it becoming “hard-packed” also cannot be seen as creating an “unnatural accumulation.” Otherwise, as noted in Goulart, a landowner might be considered to have been negligent for plowing, whereas the usual complaint for negligence is because a landowner has failed to plow. Id.
Nor could there have been a duly to warn in these circumstances, where the plaintiff was aware of the dangerous (“slippery") condition, which was, in any event, “open and obvious.” LeBlanc v. Atlantic Bldg. & Supply Co., 323 Mass. 702, 705 (1949).

ORDER

Accordingly, defendant Town of Wayland’s motion for summary judgment is ALLOWED, and the case is DISMISSED.