Barrett, J.
Plaintiff Ellen Godden (“Godden”) has appealed the allowance of summary judgment for the defendant, Stoughton Plaza, LLC (“Stoughton”), on her negligence claim. We find no error and affirm the trial court’s judgment.
Godden’s complaint alleged that Stoughton was negligent in not properly removing snow and ice from its parking lot. On January 8, 2001, Godden parked her car in Stoughton’s lot, exited the vehicle, and shopped at one of Stoughton’s tenant’s stores. Upon returning to her vehicle and as she was about to enter it, Godden slipped and fell on what she now claims was an unnatural accumulation of snow and ice. She sustained injuries to her neck and back. In her deposition testimony and answers to interrogatories, Godden indicated that she had approached her car with items in her hand, and fell without seeing what had caused the fall. Her next memory is of waking up on the ground and realizing that it was covered with ice. While Godden has no recollection of how the fall actually occurred, her belief is that she slipped on ice that had formed from the melting and refreezing of a nearby snowbank in Stoughton’s parking lot She reported seeing no salt or sand on the ground. No one witnessed her fall.
The standard of appellate review of the allowance of summary judgment is the same as that applied by the trial court. Pina v. Anna Maria Coll., 2002 Mass. App. Div. 215, 216. The question is whether, when the evidence is viewed in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to judgment as a matter of law. Mass. R. Civ. P., Rule 56(c); Nunez v. Carrabba’s Italian Grill, Inc., 448 Mass. 170, 174 (2007). The assessment includes the benefit of all logically permissible inferences, which must be drawn in the nonmoving party’s favor. Willitts v. Roman Catholic Archbishop of Boston, 411 Mass. 202, 203 (1991). While courts are generally reluctant to decide negligence actions by means of summary judgment, an exception applies when, as here, the plaintiff’s claim for recovery rests upon mere possibilities and speculation as opposed to probabilities and reasonable inferences. See Goulart v. Canton Hous. Auth., 57 Mass. App. Ct. 440, 441 (2003). When there is no genuine issue of material fact, the court may allow summary judgment in a defendant’s favor “when no rational view of the evidence permits a finding of negligence.” Id.
Godden’s negligence claim is based on her contention that Stoughton failed to sand or salt its parking lot or to take proper precautions to protect its patrons against the hazards created by snow and ice. She further argues that the snow and ice in question was an unnatural accumulation created by Stoughton, which then had an obligation to remove it.
Landowners in Massachusetts are required to exercise reasonable care, appro *99 priate to the operative circumstances, to maintain their property for the safety of those upon it. Mounsey v. Ellard, 363 Mass. 693, 708 (1973). They are liable only for injuries caused by defects on their property. Goulart, supra at 442. Because the natural accumulation of snow and ice is not a defect, there is no obligation to remove it Aylward v. McCloskey, 412 Mass. 77, 79-80 (1992). Liability attaches only if some act or failure to act by the landowner transforms the accumulation from a natural to an unnatural one. Sullivan v. Brookline, 416 Mass. 825, 829-830 (1994), citing Alyward, supra at 80 n.3. In this case, Godden argues that the snow took on the characteristics of an unnatural accumulation after it was plowed by Stoughton into a snowbank, melted, and then refroze to form ice. But the mere rearranging of snow, followed by the formation of ice, is not enough to place it in the “unnatural” accumulation category. See Cooper v. Braver, Healey & Co., 320 Mass. 138, 139-140 (1946) (shoveling snow into a pile followed by melting and refreezing on sidewalk did not result in liability for landowner because he did not channel or confine the water to a particular place). See also Mahoney v. Perreault, 275 Mass. 251, 252-253 (1931). Were we to accept Godden’s argument, we would be compelled to conclude that Stoughton could have fully protected its patrons against the hazards of melting and refreezing snow only by removing the snow totally from its premises. We conclude that requiring a landowner in New England, with its frequent snowstorms and constantly fluctuating temperatures, to remove all traces of snow from its premises to avoid liability would amount to the imposition of an unreasonable duty to undertake an unreasonable precaution. See Alyward, supra at 709; Mounsey, supra at 80.
Godden also argues that the passage of time alone may have transformed this snow and ice into an unnatural condition, thereby requiring some action by Stoughton. Although it is true that a property owner may be required to act if the condition of the snow or ice has changed due to the passage of time, Yanowitz v. Augenstern, 343 Mass. 513, 514 (1962), there is no evidence in the record before us to substantiate Godden’s speculation about a time factor so as to permit a fact finder to conclude that Stoughton was negligent. Roscoe v. Star Mkt. Co., 1980 Mass. App. Div. 46, 47-48.
Godden’s further contention that the drainage pattern of Stoughton’s parking lot caused or contributed to the ice formation, again changing it from a natural to an unnatural accumulation, is also devoid of factual support. No evidence was offered, contested or otherwise, that Stoughton constructed the lot, or even that the lot’s particular topography contributed to the accumulation that Godden alleged was the cause of her fall. Compare Reardon v. Parisi, 63 Mass. App. Ct. 39, 45 (2005) (liability possible where property owner constructed parking lot with “trough-like” channel contributing to lot’s icy surface).
Finally, Godden contends that Stoughton could be found liable for failing to sand and salt properly the area where she fell. While a failure to sand or salt might support a finding of negligence, Godden first must demonstrate, which she has not, that she fell on an unnatural accumulation of snow and ice which Stoughton would have been obligated to remove or correct. Sullivan, supra at 828-829.
Judgment affirmed.
So ordered.