Brant, J.
The issue on this appeal is whether recovery may be had on a claim for negligent infliction of emotional distress that is based solely on evidence that the plaintiff suffered from frequent headaches and nausea for which he did not seek medical treatment.
Plaintiffs Alex Pizzochero and Maggie Pizzochero purchased a house, equipped with a new septic system, from defendants Nicholas and Constance Vergados. After the plaintiffs moved into the house, they detected a foul odor and observed waste water in the basement. They brought this action to recover for the defendants’ alleged misrepresentation, breach of contract and negligent infliction of emotional distress. After a jury trial, a verdict was entered for the defendants on the misrepresentation claim and for the plaintiffs on both the contract and emotional distress claims. The defendants have appealed the judgment for the plaintiffs on only the emotional distress count, for which the court awarded $7,000.00 in damages.
Before trial, the defendants moved for the dismissal of the emotional distress claim on the ground that the plaintiffs would be unable to satisfy their burden of proof at trial. The motion was denied. In support of his claim for the defendants’ negligent infliction of emotional distress, Alex Pizzochero (“Pizzochero”) testified at trial that he suffered daily headaches and nausea for a period of about six months from the foul odor in the house sold by the defendants. He acknowledged that he did not seek medical treatment for either malady. At the close of the plaintiffs’ evidence, the defendants moved for a directed verdict, which was denied.
Traditionally, there was no recovery in Massachusetts for emotional distress because the courts were concerned about opening the door to “unjust claims.” Spade v. Lynn & Boston R.R., 168 Mass. 285, 290 (1897). In 1978, however, the Supreme Judicial Court overruled Spade and permitted recovery for emotional distress where there was “both a substantial physical injury and proof that the injury was caused by the defendant’s negligence.” Dziokonski v. Babineau, 375 Mass. 555, 568 (1978). Four years later, in the seminal case of Payton v. Abbott Labs, 386 Mass. 547 (1982), the Court required only that there be objective evidence that a plaintiff had suffered some physical manifestation of the claimed emotional distress. Id. at 547. Specifically, the Court required proof of “physical harm manifested by objective symptomatology.” Id. at 557.
The Supreme Judicial Court then relaxed the standard in Sullivan v. Boston Gas Co., 414 Mass. 129, 134 (1993) to require plaintiffs to advance “enough objective evidence of harm to convince a judge that their claims present[ed] a sufficient *142 likelihood of genuineness to go to trial.” Id. at 134. See Rodriguez v. Cambridge Hous. Auth., 443 Mass. 697, 702 (2005). Sullivan did not eliminate the need for proof of physical harm to support an emotional distress claim, “but merely expanded the range of symptoms that may provide the type of objective evidence to prove physical harm.” Gutierrez v. Massachusetts Bay Transp. Auth., 437 Mass. 396, 412 (2002).
Recent cases have outlined what constitutes adequate physical symptoms to support an emotional distress claim. In Sullivan, supra at 131-132, the physical manifestations claimed were post traumatic stress disorder, headaches, sleeplessness, gastrointestinal distress, nightmares and depression. In Kelly v. Brigham & Women’s Hosp., 51 Mass. App. Ct. 297, 306 (2001), the plaintiff suffered depression, nightmares, cramps and shortness of breath. In Bresnahan v. McAuliffe, 47 Mass. App. Ct. 278, 282 (1999), the symptoms included stomach pain, headaches and loss of concentration. It is clear, however, that the plaintiff “must do more than allege ‘mere upset, dismay, humiliation, grief and anger,’” Sullivan, supra at 137, quoting Corso v. Merrill, 119 N.H. 647, 653 (1979), or mere frequent crying. Gutierrez, supra at 143. Similarly, we recently determined that allegations of a minimal loss of sleep and loss of appetite were insufficient to support the plaintiffs claim. Vasquez v. Potter & Co., 2007 Mass. App. Div. 26, 30.
We conclude that the continuing headaches and nausea suffered by Alex Pizzochero, even without supporting medical evidence, constituted sufficient physical manifestations to support the plaintiffs’ claim for negligent infliction of emotional distress. While additional objective evidence of those symptoms would, obviously, have made the case stronger, the evidence presented by the plaintiffs was sufficient not only to permit the case to be presented to the jury, but also to support the jury’s verdict.
Judgment affirmed.
So ordered.