Rufo, Robert C., J.
This action arises out of a complaint by Plaintiff Lyn-Anne Kunesch against Defendant George Noyes, IV for emotional damages arising from Defendant’s allegedly libelous conduct. Over a period of approximately two months, Defendant wrote multiple allegedly defamatory statements about Plaintiff on the walls of a public bathroom. As a result, Plaintiff asserts that she has suffered physical and emotional harm. She seeks relief for defamation, negligence, and intentional and negligent infliction of emotional distress.
For the reasons discussed below, Defendant’s Motion for Summary Judgment is ALLOWED as to Count I (defamation) and DENIED as to all other counts.
FACTUAL BACKGROUND
On various occasions during the summer and fall of 2007, Defendant wrote allegedly defamatory statements about Plaintiff on the walls of the men’s bathroom at the Chatham Fish Pier. The statements were sexually suggestive in nature, included Plaintiffs home phone number, and referenced a woman named “Leann,” which Defendant believed to be Plaintiffs first name. Plaintiff and her family received 15 to 20 phone calls from “strangers” soliciting “a good time” and various sexual acts.
DISCUSSION
A. Standard of Review
Summary judgment will be granted where no genuine issues exist as to any material fact and where the moving party is entitled to judgment as a matter of law. Community National Bank v. Dawes, 369 Mass. 550, 554 (1976). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or by demonstrating that proof of that element is “unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991).
B. Count I: Defamation
“A motion for summary judgment is particularly appropriate in defamation cases because if the allegedly libelous material is not actionably defamatory, there is no genuine issue of material fact for trial.” Aldoupolis v. Globe Newspaper Co., 398 Mass. 731, 733 (1986). Defamatory statements must be “of and concerning the plaintiff’ to be actionable. Eyal v. Helen Bdcst Corp., 411 Mass. 426, 429 (1991). To establish this, Plaintiff must show “either that the defendant intended its words to refer to the plaintiff and that they were so understood, or that the defendant’s words reasonably could be interpreted to refer to the plaintiff and that the defendant was negligent in publishing them in such a way that they could be so understood.” Id. at430.
Defendant asserts that the writings at issue were not “of and concerning the plaintiff” because she was *626 not identified by name, and inquiry into the listed phone number would have yielded her husband’s name, Clive Kunesch. The phone number served as both the family’s home telephone number and Mr. Kunesch’s business number. Thus, Defendant contends, the writings could not lead an ordinary reader to conclude that Plaintiff was the subject of them.
Where a plaintiff is not readily identifiable from the descriptive matter in the defamatory publication, extrinsic facts showing that a third party other than the person libeled understood the statement to refer to the plaintiff are required. Brauer v. Globe Newspaper Co., 351 Mass. 53, 56 (1966). Here, Plaintiff has produced no evidence that callers knew they were contacting Lyn-Anne Kunesch. Rather, they asked for “Leann.” Neither Plaintiff nor any of her family members identified Plaintiff to the anonymous callers in anyway. Thus, the “strangers” still believed they were soliciting a woman named Leann, even on occasions where they did, in fact, speak briefly with Plaintiff. She did not personally answer all of the calls, each of which lasted less than sixty seconds.
In sum, Plaintiff was not “readily identifiable” from a writing containing a different first name than her own and a phone number publically listed as belonging to another individual. Further, there is no evidence in the record that any reader of Defendant’s graffiti otherwise understood it to refer to Plaintiff. Defendant’s Motion for Summary Judgment is therefore ALLOWED as to Count One.[1]
C. Counts II and IV: Negligence and Negligent Infliction of Emotional Distress[2]
“Ordinarily, summary judgment is not an appropriate means to resolve negligence cases, because usually the question of negligence is one of fact.” Reardon v. Parisi, 63 Mass.App.Ct. 39, 39-40 (2005), quoting Goulard v. Canton Hous. Auth., 57 Mass.App.Ct. 440, 441 (2003). While summary judgment may properly be applied in cases where “no rational view of the evidence” could permit a finding of negligence, review of the record indicates that factual issues bearing on the issue of Defendant’s negligence remain. See Mullins v. Pine Manor College, 389 Mass. 47, 56 (1983).
To state a claim for negligent infliction of emotional distress, Plaintiff must allege and prove that: (1) Defendant’s negligence caused her emotional distress, (2) resulting in physical harm manifested by objective sym-ptomology, and (3) a reasonable person would have suffered emotional distress under the circumstances. See Sullivan v. Boston Gas Co., 414 Mass. 129, 132 (1993). To satisfy the “physical harm” requirement, Plaintiff must provide an “objective corroboration of the emotional distress alleged." Payton v. Abbott Labs, 386 Mass. 540, 547 (1982). She must do more than allege “mere upset, dismay, humiliation, grief and anger.” Sullivan, 414 Mass. at 137. Here, Plaintiff claims to have suffered from nervousness, anxiety, and difficulty sleeping.
While the absence of medical expert testimony to corroborate Plaintiff s claimed symptoms may make it more difficult for her to meet her burden of “producing sufficient objective evidence of physical manifestation of mental distress to survive a summary judgment motion,” it is not dispositive. Bresnahan v. McAuliffe, 47 Mass.App.Ct. 278, 285 (1999). Rather, Plaintiff must corroborate her emotional distress claims with enough objective evidence of harm to convince a judge that their claims present a sufficient likelihood of genuineness to go to trial." Sullivan v. Boston Gas Co., 414 Mass. 129, 138 (1993).
Here, Plaintiff reported her anxiely, nervousness, and difficuliy sleeping to multiple friends and coworkers during the relevant time period. Consultation with a medical provider is not required to sustain her claim for negligent infliction of emotional distress. Thus, Plaintiff may attempt to establish at trial that she has satisfied the physical manifestation requirement. See Sullivan, 414 Mass. at 140. Accordingly, Defendant’s Motion for Summary Judgment is DENIED as to Counts Two (Negligence) and Four (Negligent Infliction of Emotional Distress).
D. Count III: Intentional Infliction of Emotional Distress
A claim for intentional infliction of emotional distress is comprised of the following elements: (1) that the defendant intended to inflict emotional distress, or knew or should have known that emotional distress was the likely result of his conduct, (2) the conduct was “extreme and outrageous,” “beyond all possible bounds of decency” and “utterly intolerable in a civilized community,” (3) Defendant’s actions caused Plaintiffs emotional distress, and (4) Plaintiffs emotional distress was “severe” and of a nature “that no reasonable [person] could be expected to endure.” Agis v. Howard Johnson Co., 371 Mass. 140, 144-45 (1976).
To constitute intentional infliction of emotional distress, the behavior in question must be so “extreme and outrageous” as to exceed all possible bounds of decency. Id. Whether Defendant’s conduct in repeatedly writing suggestive messages, which included what he believed to be Plaintiffs name and phone number in a public place constitutes behavior “not tolerated by members of civilized society” is a question for the jury. It is not for the Court to resolve as a matter of law on summary judgment.
Defendant has not met his burden of proving the absence of any genuinely disputed material fact, nor has he conclusively established that Plaintiff will be unable to prove an essential element of her intentional infliction of emotional distress claim at trial. Accordingly, Defendant’s Motion for Summary Judgment is DENIED as to Count Three.
ORDER
For the foregoing reasons, it is hereby ORDERED that Defendant’s Motion for Summary Judgment is ALLOWED as to Count I (defamation) and DENIED as to Counts II, HI and IV.

The court further notes that Superior Court Rule 9A(b)(5) requires each of the parties to submit a concise statement regarding the absence or existence of genuine issues of material fact to accompany their motion or opposition in summary judgment proceedings. Facts contained in a movant’s concise statement “shall be deemed to have been admitted" unless controverted by the nonmovant in the manner set forth in the second paragraph of Rule 9A(b)(5). As the party opposing summary judgment, Plaintiff was required to reprint Defendant’s concise statement and provide a response directly below each paragraph. See Rule 9A(b)(5)(ii). Having failed to do so, the facts alleged in Defendant’s concise statement of material facts are uncontroverted, and therefore, deemed admitted. See also Dziamba v. Warner & Stackpole, 56 Mass.App.Ct. 397, 401 (2002) (finding the Superior Court properly took as admitted the facts to which the plaintiff, in responding to the defendant’s Motion for Summary Judgment, had not complied with Rule 9A(b)(5)).

Because the parties treated the Negligence and Negligent Infliction of Emotional Distress claims together in their briefs and at oral argument, the Court will address these counts simultaneously.